**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **2:02-CR-60** |
| ) | |
| **ROBERT L. CARDWELL, III.** ) | |

## OPINION AND ORDER

On July 25, 2006, this Court held a Final Supervised Release Revocation Hearing as to this Defendant, Robert L. Cardwell, III ("Cardwell").  This Court heard testimony regarding Cardwell's three violations of his supervised release.

The probation officer contends that the Defendant violated Standard Condition No. 3 by failing to answer truthfully all inquiries by the probation officer and by failing to follow the instructions of the probation officer.  The first violation of this Standard Condition occurred on April 10, 2006, when the Defendant failed to answer truthfully an inquiry from the probation officer about whether he was at the Blue Chip Casino ("Blue Chip") in Michigan City, Indiana on February 22, 2006.  The Defendant asserts that he was not untruthful in his response because, according to the Defendant, he was asked whether he was playing the slot machines at the Blue Chip.  He said that he answered that question truthfully by saying no; Cardwell stated that he did not play the slot machines, but rather played dice at the Blue Chip on February 22, 2006.  The probation officer's testimony is that he asked the Defendant whether he was gambling on the day in question and that, by saying no, the Defendant lied.  The second violation of Standard

Condition No. 3 occurred as a result of the Cardwell's trip to the Blue Chip. Specifically, on November 4, 2005, Cardwell was instructed by Probation Officer Robert Bono ("Bono") not to gamble or go to the casinos. This Court finds that Cardwell violated Standard Condition No. 3 by failing to comply with Bono's instructions when he went to the Blue Chip to play dice on February 22, 2006 and by failing to truthfully answer the probation officer's questions about that incident.

The second violation involves Cardwell's noncompliance with the Special Condition which requires the Defendant to reside for a period of ninety (90) days to commence at 10:00 A.M. on February 13, 2006, at the PACT-Bradley House, Michigan City, Indiana, and requires that the Defendant observe the rules of that facility. Specifically, Cardwell violated the rules of the PACT-Bradley House by violating the no gambling rule and by traveling to the Blue Chip without proper authorization.

The third violation involves Cardwell's noncompliance with the Special Condition which requires the Defendant to pay a special assessment of $100 and restitution in the amount of $8,824.00, both of which were due immediately upon sentencing. As of July 29, 2006, the Defendant has failed to make any restitution or special assessment payments.

The guideline range for imprisonment on the above-mentioned violations is three (3) to nine (9) months, and the statutory maximum for imprisonment is two (2) years. The government argued that the imposition of at least nine months imprisonment, if not

more, is appropriate given the consistent and varied nature of this Defendant's violations of the terms of supervised release.

This Court has considered the evidence presented both orally and in writing. The Defendant is sentenced to six (6) months of imprisonment with no period of supervised release to follow. This sentence is to commence immediately. The Defendant shall receive jail credit time for time served since his incarceration on this offense, as calculated by the Bureau of Prisons. If the PACT-Bradley House is available, it is this Court's preference that the remainder of the Defendant's sentence be served there.

The Court further reminds the Defendant of his obligation to pay the $100 special assessment and restitution in the amount of $8,824.00, both due immediately. Payments must be forwarded to the United States District Court Clerk's Office at 204 South Main Street, South Bend, Indiana, 46601, for disbursement to the identified victims.

The clerk shall prepare judgment. The clerk shall also provide a copy of this Sentencing Memorandum to the United States Probation Department for forwarding to the United States Sentencing Commission.

**SO ORDERED.**

**DATED: July 28, 2006**

                                                 **S/ ALLEN SHARP**
                                                 **ALLEN SHARP, JUDGE**
                                                 **UNITED STATES DISTRICT COURT**